JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 20-1127 JGB (SPx)** | Date | August 27, 2020 |
| Title | ***Vital Pharmaceuticals, Inc. v. Monster Energy Company, et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| MAYNOR GALVEZ | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: Order GRANTING Defendants' Motion to Transfer Case to the United States District Court for the Southern District of Florida (Dkt. No. 13) (IN CHAMBERS)**

Before the Court is Defendants Monster Energy Company ("Monster") and Reign Beverage Company, LLC's ("Reign," and collectively, "Defendants") motion to transfer venue to the United States District Court for the Southern District of Florida. ("Motion," Dkt. No. 13.) The Court determines the Motion is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court GRANTS the Motion.

## I. BACKGROUND

### A. The Instant Matter

On June 1, 2020, Plaintiff Vital Pharmaceuticals, Inc. ("VPX") filed a complaint against Defendants alleging claims arising from the alleged trademark infringement of its energy drink, BANG. ("Complaint," Dkt. No. 1.) In particular, VPX alleges that Defendants' REIGN INFERNO brand of energy drink utilizes a version of the BANG trade dress. (Id. ¶ 1.) The Complaint alleges three causes of action: (1) federal trade tress infringement and unfair competition; (2) California statutory unfair competition; and (3) California common law unfair competition. (Id.) On July 23, 2020, Defendants answered the Complaint. ("Answer," Dkt. No. 21.)

On July 16, 2020, Defendants filed the Motion. (See Motion.) In support of the Motion, Defendants filed a memorandum of points and authorities ("Memo," Dkt. No. 14) and the declaration of Joseph R. Re ("Re Declaration," Dkt. No. 15 (attaching "Exhibits 1–5," Dkt. Nos. 15-1–5)). On July 27, 2020, Plaintiff opposed the Motion. ("Opposition," Dkt. No. 23.) In support of the Opposition, Plaintiff filed the declaration of Susan B. Meyer ("Meyer Declaration," Dkt. No. 23-1) and five exhibits ("Exhibits A–E," Dkt. Nos. 23-2–6.) On August 3, 2020, Defendants replied. ("Reply," Dkt. No. 24.) In support of the Reply, Defendants filed the declarations of Rodney Sacks ("Sacks Declaration," Dkt. No. 25), Paul A. Stewart ("Stewart Declaration," Dkt. No. 26 (attaching "Exhibits 6–7," Dkt. Nos. 26-1–2)), and Brian J. Stack ("Stack Declaration," Dkt. No. 27 (attaching "Exhibit 8," Dkt. No. 27-1)).

### B. The Florida Action

On March 28, 2019, in a separate proceeding in the Southern District of Florida (the "Florida Action"), VPX filed a complaint against Defendants for trademark infringement of the BANG trade dress. (See Exhibit 1 at 2.) Specifically, VPX alleged that a separate brand of Defendants' energy drink — REIGN — infringed BANG's trade dress. (Id.) The Florida Action was assigned to the Honorable Roy K. Altman, who scheduled the matter for trial on April 13, 2020 and eventually continued the trial until August 26, 2020. (Meyer Declaration ¶ 9.) Over the course of a year, Judge Altman ruled on dozens of motions filed by both parties, including motions for preliminary injunctions, summary judgment, and to strike the pleadings. (See generally Exhibits 1–2.)

On February 25, 2020, VPX sought leave to amend the complaint in the Florida Action to include allegations of trademark infringement relating to the REIGN INFERNO energy drinks. (Meyer Declaration ¶ 11.) At the hearing on the motion to amend, Judge Altman observed that summary judgment had already been fully briefed and amendment would necessitate the reopening of discovery. (Exhibit 3 at 56–57.) Judge Altman found that VPX "kn[e]w about [REIGN INFERNO]" earlier in discovery but "didn't raise [the need to amend] until very late in the game." (Id. at 57.) As a result, Judge Altman summarily denied VPX's motion for leave to amend on March 18, 2020. (Meyer Declaration ¶ 11.)

## II. LEGAL STANDARD

A district court, within its discretion, may transfer a civil action "to any other district or division where it might have been brought," if doing so is "[f]or the convenience of parties and witnesses" and "in the interests of justice." 28 U.S.C. § 1404(a)–(b). Whether a transfer is warranted under § 1404(a) turns on a two-step analysis. First, the defendant must establish that the matter "might have been brought" in the district to which transfer is sought. 28 U.S.C. § 1404(a). This requires showing personal jurisdiction, subject matter jurisdiction, and venue would have been proper had the action been filed in the desired district. Metz v. U.S. Life Ins. Co. in City of New York, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009). Second, the court must balance three factors: (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); Pfeiffer v. Himax Technologies, Inc., 530 F. Supp.

2d 1121, 1123 (C.D. Cal 2008). Analysis of the third factor—'interests of justice'—may also involve consideration of the following relevant factors:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). The court may also consider other factors, including "the enforceability of the judgment," "relative court congestion in the two forums," and "which forum would better serve judicial economy." Metz, 674 F. Supp. 2d at 1146.

Ordinarily, "[a] plaintiff's choice of forum is accorded substantial weight in proceedings under 28 U.S.C. § 1404(a)"; however, a defendant may overcome such deference "by a strong showing that transfer will 'prevent the waste of time, energy, and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Safarian v. Maserati North America, Inc., 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)); see also Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). The decision "to transfer requires an individualized, case-by-case consideration of convenience and fairness." Jones, 211 F.3d at 498.

## III. DISCUSSION

Defendants move the Court to transfer this matter to the Southern District of Florida. (See Motion.) According to Defendants, the interests of justice favor transfer because Plaintiff has filed this matter with the Court to forum shop and avoid adverse rulings in the Southern District of Florida. (Memo at 14.) Defendants also contend that the convenience of the parties favors transfer to the Southern District of Florida where Plaintiff's headquarters are located. (Id. at 15.) The Court agrees.

As an initial matter, Plaintiff does not dispute that this action could have brought in the Southern District of Florida. See 28 U.S.C. § 1404(a) (permitting transfer to any district where an action may have been initially filed). The only issue disputed by Plaintiff is whether transfer to the Southern District of Florida would be "in the interests of justice[]" and "[f]or the convenience of parties and witnesses[.]" 28 U.S.C. § 1404(a)–(b).

//
//
//

## A. Interests of Justice

### 1. Forum Shopping

Regarding the first disputed issue, "[t]he general rule is that a plaintiff's choice of forum is afforded substantial weight[]" in determining whether transfer is "in the interests of justice." Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). However, "[i]f there is any indication that plaintiff's choice of forum is the result of forum shopping, plaintiff's choice will be accorded little deference." Id.; see also LegalForce, Inc. v. Legalzoom.com, Inc., 2018 WL 6179319, at *3 (C.D. Cal. Nov. 27, 2018) ("A key 'interest of justice' factor is the prevention of forum shopping."). Concerns for forum-shopping "'are potentially present when a plaintiff pursues litigation outside his home district.'" LegalForce, 2018 WL 6179319, at *3 (quoting Mitchell v. Deutsche Bank Nat'l Tr. Co., 2015 WL 12867746, at *3 (C.D. Cal. Oct. 29, 2015)). "Forum shopping could [also] reasonably be inferred if the plaintiff files the same or similar case represented by the same law firm in a different district after receiving unfavorable rulings there." Id. (citing Carrera v. First Am. Home Buyers Prot. Co., 2012 WL 13012698, at *6 (C.D. Cal. Jan. 24, 2012)). "[E]vidence of [P]laintiff's attempt to avoid a particular precedent from a particular judge weighs heavily [in favor of transfer] and would often make the transfer of venue proper." Wireless Consumers All., Inc. v. T-Mobile USA, Inc., 2003 WL 22387598, at *5 (N.D. Cal. Oct. 14, 2003).

Here, the Court finds sufficient evidence to infer that Plaintiff is forum shopping. Plaintiff, a Florida corporation with headquarters in the Southern District of Florida, filed the Florida Action in the Southern District of Florida on March 28, 2019. (See Exhibit 1 at 2.) After several unfavorable rulings — including rulings imposing discovery-related sanctions, an order denying Plaintiff a preliminary injunction because Plaintiff's claims were "unlikely to succeed on the merits," and an order denying Plaintiff leave to amend[1] — Plaintiff filed this matter in the Central District of California. (Exhibit 1 at 133; Exhibit 2 at 67; Exhibit 3 at 56-57; see also Complaint.) Plaintiff asserts identical trade dress rights belonging to its BANG energy drinks, but now alleges that a different (yet similarly-designed) brand of Defendants' energy drinks infringe Plaintiff's trademark. (See Complaint ¶ 1.)

Put simply, Plaintiff filed this matter in a forum thousands of miles away from its home district and after unfavorable rulings from that district. In addition to disposing with the usual rule that a Plaintiff's choice of forum "is afforded substantial weight[,]" the interests of justice favor transfer of a matter if transferring the case discourages forum shopping. Wireless Consumers All., 2003 WL 22387598, at *5. The Court therefore finds that Plaintiff's forum

[1] Plaintiff argues that because Judge Altman denied it leave to amend to add the claims alleged in the Complaint, it did not file this matter "*in response* to 'unfavorable' rulings… [but] *in compliance* with the Florida's court's rulings that [filing] of another case was required." (Opposition at 15 (emphasis in original).) Plaintiff misses the point. Judge Altman denied Plaintiff's motion to amend the complaint and necessitated the filing of a separate action; Judge Altman did not order Plaintiff to file a separate action in the Central District of California.

shopping entitles its choice of forum to no deference and weighs in favor of transferring this matter.

**2. Pendency of the Related Florida Action**

The Court finds that the interests of justice favor transfer for an additional reason: the pending Florida Action and this matter are substantially identical. As detailed above, the allegations in the Complaint and in the Florida Action almost completely overlap, and both matters involve the same parties and trade dress rights. See Wireless Consumers All., Inc. v. T-Mobile USA, Inc., at *5 (N.D. Cal. Oct. 14, 2003) (holding that transfer to court that had heard similar case was warranted because "this case and [the similar case] are intimately related, if not identical[]"). To that point, Judge Altman has significant experience analyzing the law and underlying facts essential to resolving both matters. Since the Florida Action was filed in March of 2019, Judge Altman has ruled on numerous motions assessing the merits of the case. Because the motions have required research and analysis into the factual and legal underpinnings of Plaintiff's claims, Judge Altman's familiarity with the facts and law surrounding this matter is almost certain to ensure expeditious resolution.[2] Carrera v. First Am. Home Buyers Prot. Co., 2012 WL 13012698, at *6 (C.D. Cal. Jan. 24, 2012) ("[T]he Southern District is familiar with the factual allegations against Defendant and many of the legal issues raised in this case. Thus, transfer to the Southern District would save the time and effort of the courts and would protect the public against unnecessary expense."). Finally, resolution of both matters by Judge Altman will reduce the likelihood of inconsistent rulings. Puri v. Hearthside Food Sols. LLC, 2011 WL 6257182, at *3 (C.D. Cal. Dec. 13, 2011) ("Litigation of related claims in the same tribunal is strongly favored because it… avoid[s]… inconsistent results.").[3] Accordingly, the interests of justice strongly favor transfer of this matter to the Southern District of Florida.

---

[2] Plaintiff fleetingly contends that "there will be no litigation-related efficiencies [by transferring this matter] because the Florida case and the present case deal with different products[.]" (Opposition at 13.) Plaintiff ignores, however, that this matter will implicate matters of law almost identical to those in the Florida Action. Perhaps more importantly, although the allegedly infringing product sold by Defendants has changed, Plaintiff's allegedly infringed trade dress has not. The overlapping nature of Plaintiff's allegedly infringed trade dress is crucial because trademark infringement claims in the Southern District of Florida require plaintiffs to establish the distinctiveness and non-functionality of their trade dress to prevail. AmBrit, Inc. v. Kraft, Inc., 812 F.2d 1531, 1535 (11th Cir. 1986). Because Judge Altman has preliminarily assessed Plaintiff's trade dress against the elements of a trademark claim — and will soon conduct a trial on those issues — his experience adjudicating the Florida Action lends invaluable expertise to dealing with this matter. (Exhibit 1 at 132-139.)

[3] Plaintiff places great emphasis on the possibility that transfer of this matter could occur subsequent to the trial in the Florida Action. (Opposition at 14.) However, whether this matter is tried simultaneously with the claims in the Florida Action is irrelevant. Regardless of whether this matter is transferred before or after the trial in the Florida Action concludes, Judge Altman

**B. Convenience of the Parties and Witnesses**

Section 1404(a) requires that district courts consider the convenience of the parties and witnesses prior to transferring a case. 28 U.S.C. § 1404(a). Here, the convenience of the parties does not favor or disfavor transfer: on the one hand, Plaintiff is as a corporation located in the Southern District of Florida. On the other hand, Defendants' principal places of business are located in Corona and Los Angeles, California. (Complaint ¶¶ 2-3.)[4] Similarly, the convenience of potential third-party witnesses only slightly favors Defendants, if at all. "[W]hile the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor." CXA Corp. v. Mazal Investments LLC, 2013 WL 12191835, at *3 (C.D. Cal. Mar. 14, 2013); see also Noriesta v. Konica Minolta Bus. Sols. U.S.A., Inc., 2019 WL 6482222, at *2 (C.D. Cal. July 8, 2019) ("The Court accords more weight to the inconvenience of non-party witnesses, as party witnesses can be compelled to testify regardless of the forum in which the case is litigated."). Approximately six potential non-party witnesses reside in Florida and three non-party witnesses reside in California. (Exhibit 3 at 71-74.) Consequently, the convenience of the parties and witnesses slightly favors transfer to the Southern District of Florida.

**C. Other Factors**

The Court does not find that any other factors weigh significantly in favor of or against transfer of this matter.[5] Because the interests of justice strongly weigh in favor of transfer and all

---

will retain expertise in handling the facts and law underlying Plaintiff's claims. For that reason, courts routinely grant motions to transfer matters to districts that have handled substantially identical but closed cases. See Shelby v. Factory Five Racing, Inc., 2009 WL 481555, at *4 (C.D. Cal. Feb. 23, 2009) (holding that "interests of justice" warranted transfer despite similar matter concluding seven years prior to filing of the current matter); Wireless Consumers All., Inc. v. T-Mobile USA, Inc., 2003 WL 22387598, at *5 (N.D. Cal. Oct. 14, 2003) ("[The similar case] is no longer pending the Central District, and a trial consolidation is no longer possible. Nonetheless, it may still be proper to transfer this case because to do so would avoid the risk of conflicting rulings on preliminary issues… [and] would also save judicial resources and serve the interest of justice.").

[4] Plaintiff appears to argue that the convenience of the parties further weighs against transfer because Defendants' counsel resides in California. (Opposition at 11.) Not so. Section 1404(a) instructs courts to weigh the convenience of the parties, not their retained counsel. If Plaintiff's argument were afforded any weight, almost all motions to transfer would warrant denial because parties frequently retain local counsel to respond to suits filed in foreign states.

[5] Plaintiff unconvincingly argues that the other interests of justice factors compel denial of the Motion. (Opposition at 16-17.) While the Court does not address Plaintiff's arguments at length, it notes that: (1) Scot DeLorme, a key witness in the Florida Action who resides in the Central District and who allegedly evaded service in the Florida Action, was uninvolved in the

other factors are in relative equipoise, transfer is warranted under 28 U.S.C. § 1404(a). The Motion is GRANTED.

## IV. CONCLUSION

For the reasons described above, the Court GRANTS the Motion. This matter shall be transferred to the United States District Court for the Southern District of Florida. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

---

development of REIGN INFERNO and would not be a necessary witness in this matter (Sacks Declaration ¶¶ 4-5); (2) numerous contacts related to this matter exist in both the Central District of California and the Southern District of Florida; and (3) differences in litigation costs and access to proof between each district are insignificant in light of the relatively even division of contacts, witnesses, and parties in the Central District of California and Southern District of Florida.